B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>Joann D. Ridge | **DEFENDANTS**<br>Red River Regional Hospital and PMAB, LLC |
|---|---|

| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>James J. Manchee, Manchee & Manchee PC<br>12221 Merit Drive, Suite 950, Dallas, TX 75251 | **ATTORNEYS** (If Known) |
|---|---|

**PARTY** (Check One Box Only)
- ☑ Debtor
- ☐ Creditor
- ☐ Trustee
- ☐ U.S. Trustee/Bankruptcy Admin
- ☐ Other

**PARTY** (Check One Box Only)
- ☐ Debtor
- ☑ Creditor
- ☐ Trustee
- ☐ U.S. Trustee/Bankruptcy Admin
- ☐ Other

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

For actual and punitive damages, injunctive and declaratory relief, and legal fees and expenses filed by the Plaintiff for the Defendant's violation of the automatic stay and Chapter 7 discharge injunction.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner – §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☑ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 30,000.00 |

Other Relief Sought

Actual and punitive damages, injunctive and declaratory relief

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR  Joann D. Ridge | BANKRUPTCY CASE NO. 12-42279 | |
| DISTRICT IN WHICH CASE IS PENDING  Eastern District of Texas | DIVISION OFFICE  Sherman Division | NAME OF JUDGE  Brenda T. Rhoades |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)  /s/ James J. Manchee | | |
| DATE  7-22-13 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)  James J. Manchee | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

James J. Manchee
Manchee & Manchee, PC
12221 Merit Drive, Suite 950
Dallas, Texas 75251
(972) 960-2240 (telephone)
(972) 233-0713 (fax)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | 12-42279 |
| JOANN D. RIDGE, | § | CHAPTER 7 BANKRUPTCY |
| | § | |
| Debtor. | § | |

| | | |
|---|---|---|
| JOANN D. RIDGE, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | ADVERSARY NO. _____ |
| | § | |
| RED RIVER REGIONAL HOSPITAL | § | |
| and PMAB, LLC, | § | |
| | § | |
| Defendants. | § | |

## CORE ADVERSARY PROCEEDING COMPLAINT FOR
## CIVIL CONTEMPT AND DAMAGES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Joann D. Ridge ("Plaintiff"), and complains of Red River Regional Hospital and PMAB, LLC (collectively "Defendants") the Defendants. Plaintiff respectfully shows the following:

### I.  INTRODUCTION

Plaintiff brings this action for Defendants' violations of the Chapter 7 discharge injunction and seeks actual damages, punitive damages, and legal fees and expenses against Defendant.

## II.  JURISDICTION AND VENUE

1.  This Court has jurisdiction to consider the claims in this Complaint for Civil Contempt and Damages and for Injunctive and Declaratory relief pursuant to 28 U.S.C. § 1331, 1334 and 1337(a), 28 U.S.C. §§2201-2202.  The Court has the authority to enter a final order regarding this contested matter because it constitutes a core proceeding as contemplated by 28 U.S.C. § 157(b) (2)(A), (E), (G), (I), (J) and (O).  Pursuant to Sections 1408, 1409, and 1391(b) of Title 28 of the United States Code, venue is proper in this district/division.

## III.  PARTIES

2.  Plaintiff is the debtor in the above referenced case.

3.  Defendant Red River Regional Hospital ("Red River") is a business entity which may be served by sending citation by certified mail to its CEO, David Conejo at 504 Lipscomb Blvd., Bonham, TX 75418.

4.  Defendant PMAB, LLC ("PMAB") is a foreign limited liability company and can be served by sending citation by certified mail to its registered agent, CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, TX 75201-4234.

## IV.  FACTUAL ALLEGATIONS

5.  On August 23, 2012, Plaintiff commenced the above bankruptcy case by the filing of a voluntary petition under Chapter 7, pursuant to 11 U.S.C. § 301, and the Order for Relief was effective on the same day, pursuant to 11 U.S.C. § 301.  Plaintiff filed Schedules in her bankruptcy case on or about the same date, which detailed the claim at issue asserted by Defendants.  The claim was listed on Schedule "F" of Plaintiff's bankruptcy petition filed in her bankruptcy case as a general unsecured claim.

6.  Defendant Red River asserted a pre-petition claim against Plaintiff in an attempt to collect a

CORE ADVERSARY PROCEEDING COMPLAINT
FOR CIVIL CONTEMPT AND DAMAGES – PAGE 2

debt allegedly owed by her.  Plaintiff was required to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes.

7. On or about August 23, 2012, Plaintiff filed a mailing matrix with this Court in her bankruptcy case which provided Defendant Red River's correct address.

8. On or about August 24, 2012, the Clerk of the Bankruptcy Court for the Eastern District of Texas mailed out the "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines" to all creditors, including Defendant Red River Regional Hospital and other parties based on the mailing matrix previously filed with this Court in Plaintiff's bankruptcy case.  This mailing constituted formal notice to Defendant Red River of the above Chapter 7 Bankruptcy.  This notice warned all creditors, including Red River, in conspicuous language against violating the automatic stay pursuant to 11 U.S.C. §362.  The United States Postal Service did not return the notice sent to Red River.  The notice was not returned.  If the United States Postal Service has not returned the notice, there is a presumption that Red River received the notice mailed to it by the Clerk of the Bankruptcy Court.

9. On November 28, 2012, this Court issued an order granting Plaintiff a discharge in her bankruptcy case ("Discharge Order") (the said order followed Official Form B18, including the explanatory language contained therein).  The Discharge Order granted Plaintiff a discharge on the debt at issue and eliminated Plaintiff's liability and legal obligation to pay the discharged debts, which included Defendants' pre-petition claim at issue.  Included with the Discharge Order was an explanation of the general injunction prohibiting Defendant Red River and others holding pre-petition claims from attempting to collect their claims from Plaintiff and stated that this included, "[f]or example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other

CORE ADVERSARY PROCEEDING COMPLAINT
FOR CIVIL CONTEMPT AND DAMAGES – PAGE 3

property, or to take any other action to collect a discharged debt from the debtor."

10. The Discharge Order was mailed out to all creditors and other parties listed on the mailing matrix, previously filed with the Court, on or about November 30, 2012. This mailing constituted formal notice of Plaintiff's discharge and the replacement of the automatic stay with the discharge injunction of 11 U.S.C. §524(a). The Discharge Order and notice warned all creditors, including Red River, in conspicuous language that collection of discharged debts against Plaintiff was prohibited. The Discharge Order sent to Red River was not returned. If the United States Postal Service has not returned the Discharge Order sent to Red River, there is a presumption that the Defendant received the notice mailed to it by the Clerk of the Bankruptcy Court.

11. On or about February 23, 2013, Red River assigned Plaintiff's account at issue to PMAB. At that time, Defendant Red River's knowledge of Plaintiff's bankruptcy discharge was imputed to its collection agent, PMAB. *In re Garcia*, 2013 WL 414177*6 (Bkrptcy.W.D.Tex., Feb.1, 2013) (citing *Martin v. Xarin Real Estate, Inc.*, 703 F.2d 883, 890-91 (5th Cir. 1983).

12. At no time have Defendants objected to or disputed the details of the claim at issue in the August 23, 2012 schedules filed in Plaintiff's bankruptcy case. At no time during the bankruptcy case did Plaintiff reaffirm the debt. At no time during the bankruptcy case was Red River's pre-petition claim declared to be non-dischargeable.

13. During the bankruptcy and following the November 28, 2012 discharge, Defendant Red River engaged in debt collection activity against Plaintiff by: (1) sending her demands for payment of $737.00 on the account and debt at issue, and (2) assigning the account for collection to PMAB, as if the discharged debt was still collectible against Plaintiff.

CORE ADVERSARY PROCEEDING COMPLAINT
FOR CIVIL CONTEMPT AND DAMAGES – PAGE 4

14. Specifically, on or about November 13, 2012, Defendant Red River sent Plaintiff a letter demanding payment of $787.00. A true and correct copy of the November 13, 2012 letter is attached hereto as Exhibit "A."

15. On or about January 31, 2013, Defendant Red River sent Plaintiff a statement alleging that an amount of $787.00 was past due and payable on the account at issue. A true and correct copy of the January 31, 2013 account statement sent to Plaintiff is attached hereto as Exhibit "B."

16. On or about February 5, 2013, Plaintiff's counsel sent Defendant Red River a cease and desist letter reminding Red River about the discharge injunction in place on the account and debt at issue. A true and correct copy of the cease and desist letter from Lemke & Pederson to Red River is attached hereto as Exhibit "C."

17. On or about February 26, 2013, Defendant PMAB sent Plaintiff a collection letter, complete with a payment coupon and return envelope, indicating that the account at issue had been assigned to them and that $737.00 was due and owing on the account. A true and correct copy of the letter from PMAB, LLC to the Plaintiff is attached hereto as Exhibit "D."

18. Defendants knew and in fact had actual knowledge that Plaintiff was previously the debtor in a bankruptcy case and that she had been granted a discharge and was therefore protected from any direct or indirect collection acts whatsoever by virtue of the injunction provided in 11 U.S.C. §524.

19. Notwithstanding such knowledge, Defendant Red River willfully: (1) sent Plaintiff a collection letter on the account and debt at issue, and (2) assigned the account for collection to PMAB after the bankruptcy discharge had been granted.

20. Defendants were aware that their collection activities would and did damage Plaintiff and her ability to enjoy life and her fresh start guaranteed by the bankruptcy code.

CORE ADVERSARY PROCEEDING COMPLAINT
FOR CIVIL CONTEMPT AND DAMAGES – PAGE 5

## V. DAMAGES

21. 11 U.S.C. §524 and the lawful injunctions pursuant to 11 U.S.C. §105 require that one injured by a willful violation of the orders and injunctions of the Bankruptcy Court be awarded actual damages.  These damages include not only reimbursement for financial injury, but also compensation for non-financial injury.  Further, the Court may award a plaintiff punitive damages under the appropriate circumstances.

22. Here, the conduct of Defendants has substantially frustrated the Discharge Order and has cost Plaintiff unnecessary time, effort and expense in seeking to enforce her bankruptcy discharge.  As a result of the actions and inactions of Defendants, Plaintiff has been deprived of part of her fresh start and cannot look forward to a clear field for future endeavors.

23. Damages should be awarded in this case not only to compensate for the losses or injury presumed and sustained by Plaintiff, but also to coerce Defendants into compliance with the orders issued by this Bankruptcy Court and other bankruptcy courts in which Defendants may come into contact.

24. Neither cost-benefit analysis nor proportionality is allowed in determining any element of damages awarded, with the exception of punitive damages sought.

25. An award of damages to cover the value of any loss, any out-of pocket expenses or cost incurred, including the value of the personal time of Plaintiff in having to deal with the conduct of Defendants, and in having to participate in this adversary proceeding is required.

26. Damages for the emotional and psychological distress that Defendants' violations of the Court's Discharge Order and injunction caused Plaintiff are recoverable, because actual damages include non-financial harm to Plaintiff as well as those of financial distress.

27. Plaintiff's emotional distress is significant in that it is not and was not fleeting,

CORE ADVERSARY PROCEEDING COMPLAINT
FOR CIVIL CONTEMPT AND DAMAGES -- PAGE 6

inconsequential or trivial from Plaintiff's perspective. This is evident from the fact that the filing of her bankruptcy case was Plaintiff's attempt to alleviate the otherwise insurmountable social and economic problems she faced, as well as preserve the dignity she held for herself. A failing in the effectiveness of the bankruptcy discharge that was promised to Plaintiff causes the emotional distress that Plaintiff originally intended to halt to return.

28. This emotional distress is distinct from the anxiety and pressures inherent to filing a Chapter 7 bankruptcy in that the bankruptcy process was intended to take the pressure off of Plaintiff from having to deal with the very actions and conduct of Defendants complained of here, and therefore, the actions and conduct of Defendants cannot be deemed inherent in the bankruptcy process.

29. Due to Defendants' conduct at issue, Plaintiff was forced to hire counsel and her damages include reasonable attorney's fees incurred in prosecuting this claim.

30. Since Defendants continue to harass Plaintiff, her damages are ongoing in nature and Defendants are liable for any and all future harm suffered by Plaintiff as a result of their conduct. The conduct of Defendants has substantially frustrated the Discharge Order in this case and has cost Plaintiff unnecessary time, effort and expense in seeking to enforce her discharge.

## VI.  GROUNDS FOR RELIEF

### VIOLATIONS OF THE DISCHARGE INJUNCTION

31. Plaintiff repeats, re-alleges, and incorporates by reference the above paragraphs 4 through 30 as if set forth herein in their entirety. At all times material to this proceeding, Defendants had actual knowledge of Plaintiff's Chapter 7 bankruptcy filing and actual knowledge of her discharge in said case.

32. Defendants failed to cease their debt collection activity at issue when they became aware that

CORE ADVERSARY PROCEEDING COMPLAINT
FOR CIVIL CONTEMPT AND DAMAGES – PAGE 7

Plaintiff filed for bankruptcy protection, and they failed to cease their debt collection activity when they became aware that the debt at issue had been discharged, by sending Plaintiff statements and demands for payment on the discharged debt and assigning the account for collection.

33. Defendants' aforesaid actions are and were willful acts and constitute efforts to collect discharged debt from Plaintiff in violation the discharge injunction of 11 U.S.C. §524(a). Defendants' failure to comply with the aforesaid laws, in light of repeated notices from the Court and its duties to update its reporting of the account under 15 U.S.C. §1681s-2(a), illustrates its contempt for Federal law, the automatic stay and the discharge injunction.

34. The actions of Defendant Red River in sending out statements and demands for payment and assigning the account at issue to a collection agency, constitutes a gross violation of the automatic stay and  discharge injunction as set forth in 11 U.S.C. § 362 and 524(a)(1)-(3).

35. The facts and background stated above demonstrate that Defendants willfully violated the orders and injunctions of the Court as they concern the Chapter 7 bankruptcy filed by Plaintiff.  With this prima facie showing, the duty is on Defendants to show, as the only defense, a present inability to comply with the orders and injunctions of the Court that goes beyond a mere assertion of inability.  Failing a showing of a present inability to comply with the orders and injunctions of the Court by Defendants, Plaintiff must prevail on her claims and Defendants must be held liable for willfully violating the orders and injunctions of the Bankruptcy Court with regard to the bankruptcy filed by Plaintiff.  Any defense put forth by Defendants in this adversary proceeding can only constitute a good faith exception, as no other reasonable explanation can be made for the conduct and action of Defendants.  Any allegation of a good faith exception should not be allowed.

CORE ADVERSARY PROCEEDING COMPLAINT
FOR CIVIL CONTEMPT AND DAMAGES – PAGE 8

36. Defendants failed to achieve substantial and diligent compliance with the discharge injunction, which applied to Defendants in Plaintiff's Chapter 7 bankruptcy case.

37. Defendants violated the part of the Discharge Order of 11 U.S.C. §524(a)(2) which "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtors, whether or not the discharge of such debt is waived;…"

38. No exceptions exist under 11 U.S.C. §524 or other provisions of the United States Bankruptcy Code or other applicable law that allow for the conduct of Defendants with regard to the discharge injunction, as stated above.

39. The orders and injunctions of the Bankruptcy Court cannot be waived, except by the virtue of a properly filed and approved reaffirmation agreement, motion, stipulation or complaint. None of the aforementioned has been approved by the Court here, and no waiver of the orders or injunctions of the Court have occurred in the above-entitled and numbered Chapter 7 bankruptcy case as pertaining to the rights and remedies of Defendant.

40. Also, there is no requirement of mitigation on the part of Plaintiff that is relevant to violations of the orders and injunctions of the Court. Any attempt to burden Plaintiff with policing the misconduct of Defendants would be a complete derogation of the law. It is well settled that each party to an injunction or order of the Court is responsible for ensuring its own compliance with the injunction or order and for shouldering the cost of compliance. Any such defense would constitute a collateral attack on the injunctions and orders of the Bankruptcy Court in this proceeding, which is prohibited. Any defense put forth by Defendants in this adversary proceeding can only constitute a claim of mitigation, as no other reasonable explanation can be made for the conduct and action of Defendants. No allegation of a mitigation as a defense should be allowed.

CORE ADVERSARY PROCEEDING COMPLAINT
FOR CIVIL CONTEMPT AND DAMAGES – PAGE 9

41. This Court has the power to hold Defendants in contempt and issue sanctions by virtue of the Court's inherent authority to enforce its own orders, and the statutory authority set forth in 11 U.S.C. §105(a). Plaintiff requests that the Court hold Defendants in contempt to enforce and to protect the integrity of its Discharge Order.

42. Plaintiff has been injured and damaged by Defendants' actions and is entitled to recover judgment against Defendants for actual damages in an amount not less than $10,000.00, and punitive damages in an amount not less than $20,000.00, plus an award of costs and reasonable attorneys' fees, for violations of 11 U.S.C. §524, and pursuant to the Court's powers under 11 U.S.C. § 105.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Joann D. Ridge, prays that the Court will:

A.      Find that Defendants violated the provisions of the November 28, 2012 Discharge Order;

B.      Find that the violation of the Discharge Order by Defendants was "willful," as that term has been defined, and also find that the violation of the Discharge Order was intentional;

C.      Sanction and award against Defendants actual damages for all financial and non-financial harm or injury incurred by Plaintiff, including attorneys' fees, costs and expenses, for the violation of the Discharge Order as set forth above;

D.      Find Defendants in contempt for violating the discharge injunction imposed by the Discharge Order;

E.      Sanction and award Plaintiff damages necessary to coerce Defendants into compliance with this Court's orders, as well as the orders of other bankruptcy courts in

CORE ADVERSARY PROCEEDING COMPLAINT
FOR CIVIL CONTEMPT AND DAMAGES – PAGE 10

which Defendants may come into contact;

F.     Award to Plaintiff, and for the benefit of the undersigned attorneys, all of her attorneys' fees, costs and expenses incurred in representing Plaintiff in these matters; and

G.     Grant such other and further relief, in equity or in law, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

/s/ James J. Manchee
James J. Manchee
State Bar Number 00796988
Manchee & Manchee, PC
12221 Merit Drive, Suite 950
Dallas, Texas 75251
(972) 960-2240 (telephone)
(972) 233-0713 (fax)

COUNSEL FOR PLAINTIFF

CORE ADVERSARY PROCEEDING COMPLAINT
FOR CIVIL CONTEMPT AND DAMAGES – PAGE 11